UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROLETTE MEADOWS,

        Plaintiff,

    v.                                     21-CV-769-LJV
                                                   DECISION & ORDER

DEPARTMENT OF VETERANS
AFFAIRS, *et al.*,

        Defendants.

---

On June 25, 2021, the *pro se* plaintiff, Carolette Meadows, commenced this action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the New York State Human Rights Law.  Docket Item 1.  She also moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it).  Docket Item 2.

On July 13, 2021, this Court granted Meadows's motion to proceed *in forma pauperis* and screened her complaint under 28 U.S.C. § 1915(e)(2).  Docket Item 4.  In that screening order, this Court found that Meadows's complaint was subject to dismissal because it lacked any factual allegations and did not plead that Meadows had administratively exhausted her claims.  *Id.* at 3.  This Court gave Meadows 45 days to amend her complaint to correct those deficiencies.  *Id.*

Meadows then filed "ten [] pages of 'right to sue' and 'final decision' forms" on July 20, 2021.  Docket Item 5.  But she explicitly noted that this filing was "not the amended complaint," presumably because she intended to amend her complaint later.  *Id.* at 1.

Meadows did not, however, file an amended complaint or request an extension of time to do so before the deadline expired. This Court therefore entered an order on September 17, 2021, warning Meadows that her complaint would be dismissed unless, within 30 days, she filed an amended complaint that "include[d] factual allegations supporting her claims against each defendant." Docket Item 6. But Meadows still did not file an amended complaint, nor did she otherwise respond to that order before the time to do so elapsed. Her case therefore was closed on October 20, 2021. Docket Item 7.

A little more than two months later, Meadows "ask[ed] for reconsideration of [the] dismissal of [her] labor case." Docket Item 8. The Court construes Meadows's request as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons stated below, that motion is granted.

## **DISCUSSION**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be brought "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

2

Meadows says that she did not file an amended complaint because she "was preoccupied with a Supreme Court [case] that just ended [and was] overwhelmed by numerous other legal issues."  Docket Item 8.  This Court therefore construes Meadow's motion as seeking relief under Rule 60(b)(1) for "excusable neglect."[1]

"Rule 60(b)(1) 'permits a court to vacate a judgment on the grounds of excusable neglect.'"  *Lauber v. Hudson*, 2018 WL 1040251, at *1 (W.D.N.Y. Feb. 26, 2018) (internal quotation marks omitted) (quoting *State Street Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004)).  "To determine whether Rule 60(b)(1) relief is warranted, the Second Circuit has identified 'four non-exclusive equitable factors that determine what sorts of neglect will be considered excusable.'"  *King v. City of New York*, 2021 WL 1856840, at *2 (S.D.N.Y. Apr. 6, 2021) (internal quotation marks omitted) (quoting *William v. City of New York*, 727 F. App'x 30, 31 (2d Cir. 2018) (summary order)).  "Those factors are: (i) [t]he 'danger of prejudice' to the non-moving party; (ii) [t]he 'length of the delay and its potential impact on judicial proceedings'; (iii) [t]he 'reason for the delay, including whether it was within the reasonable control of the movant'; and (iv) '[w]hether the movant acted in good faith.'"  *William*, 727 F. App'x at 31 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).  The Second Circuit has "explained that 'it is the third factor—the reason for the delay—that predominates, and the other three are significant only in close cases.'"  *William v. City of New York*, 771 F. App'x 94, 96 (2d Cir. 2019)

---

[1] Nothing in Meadows's filing suggests that subsections (2) through (5) apply, nor has Meadows shown that "extraordinary circumstances [exist] to warrant relief" under Rule 60(b)(6).  *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).  So Rule 60(b)(1) appears to be the only relevant subsection here.

(summary order) (quoting *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004)).

Meadows blames her failure to file an amended complaint on her preoccupation with other cases which "overwhelmed" her. Docket Item 8. While "failure to follow the clear dictates of a court rule will generally not constitute [] excusable neglect," *see Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997), this Court nevertheless concludes that Meadows has offered sufficient reason for her delay. And that is especially so because Meadows claims that she had a discussion with an employee of this Court that she may have assumed gave her more time to respond.

More specifically, Meadows says that she "previously responded that [she] was awaiting [her] personnel file when the clerk's office inquired if the EEOC complaint/response was going to be [her] federal complaint." Docket Item 8. That suggests that Meadows may have assumed that she told this Court she needed more time to file an amended complaint. And had Meadows done so, this Court would have granted that request.[2] So in light of Meadows's *pro se* status and this Court's "obligation . . . to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights," *see Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), the reason for Meadows's delay supports finding excusable neglect here.

---

[2] This Court did not know about Meadows's conversation with the Clerk's office, and therefore did not extend her time to file, because the communication apparently was not in writing and was not entered on the docket. And Meadows's lone response to this Court's prior orders noted only that her filing "[was] not the amended complaint." Docket Item 5 at 1. So this Court had no idea when—or even if—Meadows intended to file an amended complaint.

The remaining Rule 60(b)(1) factors likewise favor granting Meadows's motion. Although Meadows's delay here was not short—about two months elapsed between the missed deadline and her motion for reconsideration—courts "typically consider a delay of approximately three months significant." See William v. City of New York, 2018 WL 11219952, at *2 (S.D.N.Y. July 23, 2018). Moreover, the defendants have not yet answered the complaint or even appeared in this action. So even if Meadows's failure to timely file an amended complaint prejudiced the defendants in some way, any such prejudice would not warrant denying Meadows's motion. Cf. Campanella v. O'Flynn, 2017 WL 1541227, at *3 n.3 (W.D.N.Y. Apr. 28, 2017) (noting that "courts have found" the "loss of a 'quick victory'" to be "insufficient to justify denying relief under Rule 60(b)(1)" (quoting Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000))). Finally, nothing suggests that Meadows has not acted in good faith in this case.

Given Meadows's pro se status and the Second Circuit's strong "preference for resolving disputes on the merits," see Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), this Court grants Meadows's request for reconsideration. Meadows may file an amended complaint within 30 days of the date of this order. As set forth in this Court's prior order, any amended complaint must "include at least general factual allegations of discrimination sufficient to give the defendants fair notice of the grounds upon which her claims rest."[3]  Docket Item 4 at 4.

---

[3] Although Meadows suggests that she needs her personnel file to file an amended complaint, this Court already concluded that Meadows should be able to allege those facts without waiting for that file. See Docket Item 4 at 5 ("[Meadows] should not need her file to recount generally how she was treated at work, by whom, and how that violated her rights.").

5

Meadows is reminded that even though she is proceeding *pro se* and therefore "'may in general deserve more lenient treatment than those litigants represented by counsel,' [she] is still obligated to comply with court orders." *Houghtaling v. Eaton*, 2022 WL 167538, at *5 (W.D.N.Y. Jan. 18, 2022) (quoting *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). So any further failure to comply with Court deadlines may result in the dismissal of Meadows's case. *See In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005) ("caution[ing] that the equities will rarely if ever favor a party who fails to follow the dictates of a court rule" (alterations and internal quotation marks omitted)).

## **CONCLUSION**

For the reasons stated above, Meadows's motion for reconsideration, Docket Item 8, is GRANTED. The Clerk of the Court shall reopen this case. Meadows may file an amended complaint within 30 days of the date of this order. If Meadows does not file an amended complaint within 30 days of the date of this order, then her complaint will be dismissed and the Clerk of the Court shall close the case without further order. If Meadows's case again is dismissed because she does not file an amended complaint, this Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962).

SO ORDERED.

Dated: July 27, 2022
        Buffalo, New York

                                        ***/s/ Lawrence J. Vilardo***
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE